# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY GILETTO | : |
| 19 Tenby Lane | : |
| Marlton, NJ 08053 | :  CIVIL ACTION |
| | : |
| Plaintiff, | :  No. _____ |
| | : |
| v. | : |
| | :  **JURY TRIAL DEMANDED** |
| EICKHOFF SUPERMARKETS, INC., | : |
| d/b/a SHOPRITE | : |
| 1310 Fairview Blvd | : |
| Delran, NJ, 08075 | : |
| | : |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby brings the following lawsuit.

## I. INTRODUCTION

1.    This action has been initiated by Anthony Giletto (hereinafter referred to as "Plaintiff," unless indicated otherwise) to redress violations by Eickhoff Supermarkets, Inc., d/b/a Shoprite (hereinafter referred to as "Defendant," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA - 29 U.S.C. 201, *et. seq.*) and applicable state law(s). Plaintiff asserts that Defendant failed to pay him overtime compensation properly.

## II. JURISDICTION AND VENUE

2.    This action is initiated pursuant to a federal law.  The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is a resident of this district and substantially all of the acts or omissions giving rise to this suit took place in this district.

## III. <u>PARTIES</u>

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant is headquartered at the above-captioned address and is a business operating many locations operating as grocery stores and doing business as "Shoprite." Specifically, Defendant operated the above-captioned location wherein Plaintiff was employed.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. <u>FACTUAL BACKGROUND</u>

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff was hired by Defendant in or about May of 2003.

11.     During his last several years of employment, Plaintiff had been transferred to work within Defendant's Delran, New Jersey location (in the above caption).

12.     At all times relevant to the claims in the instant lawsuit, Plaintiff was primarily referred to as a Food Service Manager while in the employ of Defendant.

13.     As a Food Service Manager, Plaintiff not paid a salary.  Instead, Plaintiff was paid an hourly rate (which was $18.80 per hour as of his last physical day of employment).

14.     As a Food Service Manager, Plaintiff had many responsibilities which included but were not limited to:

    a) Overseeing, stocking and replenishing the deli case (inclusive of salads and meats);

    b) Ensuring there were backups of each item within the deli case to replace items that may sell out or that were sold out;

    c) Preparing his own preparation lists and documents showing the labor he was engaged in daily;

    d) Preparing requisitions to get permission to order food items as needed;

    e) Cleaning all areas of the department per policies and as needed;

    f) Doing physical inventories of food as required by Defendant;

    g) At times doing food demonstrations for customers of the grocery store; and

    h) Primarily just performing a lot of labor in stocking, food preparation, and taking orders from customers.

15.     While Plaintiff was in title referred to as a "manager," he was not salaried and he did not perform typical management functions such as hiring employees, participating in any

high-level management meetings, or entering into contracts on behalf of Defendant.   Rather, Plaintiff was a laborer with a job title "Food Service Manager."

16.   Store operations took place 24 hours per day although the store was not open to the public 24 hours per day. Plaintiff often worked well in excess of 40 hours per week, and his usual weeks ranged from 48 hours per week up to 90+ hours per week.

17.   Plaintiff physically worked at Defendant's company location that was also its headquarters, so Defendant was fully aware of Plaintiff's actual hours worked as he reported to corporate management of Defendant (as Plaintiff's location was one of many operated by Defendant but wherein Defendant's owners actually physically worked).

18.   Plaintiff would at times be paid for some overtime in his payroll checks, but it was often a fraction of what he actually worked as Defendant's management manually or electronically punched him out for periods of time when he was still working for Defendant.

19.   Plaintiff's overtime rate at time and one half of $18.80 per hour was $28.20, but Plaintiff was not paid this overtime rate for many hours he consistently worked each week because Defendant refused to fully compensate Plaintiff for all overtime worked.

20.   Plaintiff's last physical day of work with Defendant was in or about the first week of July 2014.

21.   In total, Plaintiff is owed more than $25,000.00 in overtime compensation exclusive of liquidated damages, costs, and attorney's fees.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**

22.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23.   At all times relevant herein, Defendant has and continues to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

24.   At all times relevant herein, Defendant to this Action was responsible for paying wages to Plaintiff.

25.   At all times relevant herein, Plaintiff was employed with Defendant as an"employee" within the meaning of the FLSA.

26.   The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

27.   At all times during their employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

28.   Plaintiff consistently worked in excess of 40 hours per week during his employ with Defendants.

29.   Defendant did not (and has not) paid Plaintiff at a rate of time and one half for all hours he worked beyond 40 hours per week (and only partially paid him for minimal overtime at varying times).

30.   Defendant's actions were willful, as they were committed by and through Defendant's owners and high-level management with the specific intent to deprive Plaintiff of

overtime compensation and to avoid paying overtime compensation despite knowledge of the legal obligation(s).

**Count II**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**& New Jersey Wage Payment Law(s)**
**(Failure to Pay All Wages and Overtime Compensation)**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Defendant's failure to pay Plaintiff all hourly wages and separately for overtime in the aforesaid manner(s) also constitutes a violation of the State Wage and Hour Law(s) and the New Jersey Wage Payment Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting wage and overtime violations;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff and whole for any and all pay and benefits Plaintiff and would have received had it not been for Defendant's wrongful actions, including but not limited to back pay, wages, overtime, and other penalties permitted by law.

C.     Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.      This case shall be tried by a jury as permitted by law, as Plaintiff demands same.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 28, 2014