MOTION RETURNABLE: MONDAY, AUGUST 15, 2016
<u>ORAL ARGUMENT REQUESTED</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ANTHONY GILETTO,

      Plaintiff,

v.

EICKHOFF SUPERMARKETS, INC.,

      Defendant.

: Civil Action No. 1:14-cv-6742
: (RMB/AMD)
:
:
:
:
:
: **FILED ELECTRONICALLY**
:

---

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER, LLP
                    Attorneys for Defendant
                    Eickhoff Supermarkets, Inc.

Gregg S. Kahn, Of Counsel and On the Brief.

2147723v.1

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 3

ARGUMENT .............................................................................................................. 6

    POINT I ............................................................................................................ 6

    GILETTO CANNOT ESTABLISH THAT
    EICKHOFF SUPERMARKETS CONTROLLED
    OR REQUIRED HIM TO WORK OFF THE CLOCK ................................. 6

CONCLUSION .......................................................................................................... 7

## **PRELIMINARY STATEMENT**

This matter is before the Court in connection with the motion of defendant Eickhoff Supermarkets, Inc. ("Eickhoff Supermarkets", the "Company" or "defendant") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In response to Eickhoff Supermarkets' motion, plaintiff Anthony Giletto ("Giletto" or "plaintiff") makes various arguments as to why the motion should be denied, including: (i) Giletto was an hourly employee; (ii) Giletto worked more overtime hours than he was compensated for; (iii) one of defendant's managers admitted that plaintiff worked 90 hours per week but was only compensated for 45; (iv) Eickhoff Supermarkets was aware that Giletto often worked beyond his scheduled shift; and (v) Giletto complained to management. As is explained in greater detail in defendant's response to plaintiff's counter-statement of facts and the accompanying, August 8, 2016 Certification of Gregg Kahn, Esq., none of these issues create a genuine issue of material fact.

For all of these reasons, plus the reasons set forth in defendant's initial moving papers, plaintiff's claims pursuant to the federal Fair Labor Standards Act

(i.e., 29 U.S.C. 201 et seq.) and any related state law claims[1] fail as a matter of both fact and law.

Accordingly, it is respectfully submitted that defendant's motion for summary judgment should be granted, resulting in the dismissal of plaintiff's Complaint in its entirety with prejudice.

---

[1] If this Court grants defendant's motion for summary judgment as to the plaintiff's federal law claims, then clearly the motion also should be granted as to the plaintiff's state law claims.

## **STATEMENT OF FACTS**

The relevant, additional factual basis for defendant's motion for summary judgment can be found in the accompanying, defendant's Response to plaintiff's Statement of Material and Disputed Facts and the August 8 Certification of Gregg Kahn, Esq.

Defendant's Response and the August 8 Certification point to several undisputed facts that further support defendant's motion for summary judgment. First, Eickhoff Supermarkets does not dispute that Giletto was treated – and paid – as an hourly worker. This does not create a genuine issue of material fact.

Second, Giletto's opposition to defendant's motion is heavily based on the argument that Eickhoff Supermarkets was aware that Giletto often worked beyond his scheduled shift. This, however, does not create a genuine issue of material fact because plaintiff's own timecards reveal numerous instances where Giletto worked beyond his scheduled shift and, further, was paid for these hours. Therefore, the mere fact that plaintiff worked beyond his scheduled shift does not create a genuine issue of material fact.

Third, it is simply not true for plaintiff to allege that he was typically paid for only 48 hours per week. As is clear from defendant's Response to plaintiff's counter-statement of facts and the August 8 Certification of Gregg Kahn,

3

Esq., there are many instances in plaintiff's timecards where the plaintiff was paid for more than 60 – if not 70 – hours in a particular week. Again, this does not create a genuine issue of fact.

Fourth, plaintiff's reliance upon an alleged statement made by one of defendant's managers (i.e., Bob Connelly) to the effect that the plaintiff worked 90 hours per week but was only compensated for 45, also does not create a genuine issue of fact because, even if true, this purported statement was made in 2004 or 2006 which is well before the relevant, October 2011 through July 2014 time period in light of the applicable limitations period. Mr. Connelly's alleged statement, therefore, should not defeat defendant's motion.

Fifth, Giletto argues that he worked more overtime hours than he was compensated for. It is respectfully submitted that Giletto mischaracterizes defendant's position concerning this point, especially considering plaintiff's acknowledgment that he must show that defendant had some actual or constructive knowledge that the plaintiff was working hours for which he was not being compensated. While defendant does not concede that the plaintiff worked any such hours, the point is that even if he did then the plaintiff still cannot demonstrate any such actual or constructive knowledge on the part of the defendant for the reasons set forth in defendant's initial moving papers (i.e., plaintiff punched in and out every

4
2147723v.1

day via a time clock, he submitted time adjustment sheets for instances where his time was not reflected in the time clock, he was reprimanded when the Company found out he was working off the clock, etc.).

Lastly, as for plaintiff's alleged complaints to management that he was not being compensated for certain hours that he worked, defendant addresses this item in detail in its Response to plaintiff's counter-statement of facts. Whether the plaintiff did not complain in those exact terms, the complaint was more about the plaintiff's alleged heavy workload, or the complaint was more about plaintiff working beyond his regularly scheduled shift (i.e., defendant's Response to plaintiff's counter-statement of facts, paragraph nos. 15, 18, 19, 20, 22, 34, 43 and 44), it is respectfully submitted that the plaintiff cannot demonstrate that the defendant had any actual or constructive knowledge that he worked uncompensated hours. Indeed, even Giletto's former co-worker, Sharon Gallagher, testified during her deposition that she was always paid for her work hours when she pursued the issue with management (see defendant's Response to plaintiff's counter-statement of facts, paragraph no. 63). This, plus the reasons set forth in defendant's initial moving papers (including the fact that no one from the Company ever instructed the plaintiff to work off the clock), also does not create a genuine issue of fact.

5

2147723v.1

## ARGUMENT

## POINT I

### GILETTO CANNOT ESTABLISH THAT EICKHOFF SUPERMARKETS CONTROLLED OR REQUIRED HIM TO WORK OFF THE CLOCK

Defendant does not quibble with plaintiff's recitation of the applicable legal standard in this wage and hour case, beginning on page 6 of plaintiff's opposition Brief. Defendant does, however, disagree with plaintiff's application of the undisputed facts to that standard. The point is that Giletto – in order to defeat summary judgment – must demonstrate that Eickhoff Supermarkets had actual or constructive knowledge that he was working hours for which he was not being compensated. Without belaboring the argument, suffice it to say that the plaintiff cannot make such a showing. Stated another way, while Giletto can prove that he worked a lot of hours and often worked beyond his scheduled shift, for all the reasons explained in greater detail above he cannot prove that the Company had actual or constructive knowledge that he was working uncompensated hours.

For these reasons, defendant's motion for summary judgment should be denied and plaintiff's Complaint should be dismissed in its entirety with prejudice.

## CONCLUSION

For all the foregoing reasons, defendant Eickhoff Supermarkets, Inc. respectfully submits that its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted, thereby resulting in the dismissal of plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant
Eickhoff Supermarkets, Inc.

By: _/s/ Gregg Kahn_____
Gregg S. Kahn

Dated: August 9, 2016

7

2147723v.1