IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY GILETTO | : |
| | : CIVIL ACTION |
| | : |
| Plaintiff, | : No. 14-6742 |
| | : |
| v. | : |
| | : |
| EICKHOFF SUPERMARKETS, INC., d/b/a SHOPRITE, | : |
| | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S PROPOSED JURY CHARGES**

Plaintiff, Anthony Giletto, by and through its attorneys, submit his request to change the jury as follows. Plaintiff respectfully requests the opportunity to supplement and amend these requests as necessary to conform to further testimony, evidence and rulings in this trial.

## 1.2   Preliminary Instructions — Description of Case; Summary of Applicable Law

In this case, plaintiff Anthony Giletto brings a lawsuit against the defendant, Eickhoff Supermarkets, Inc., for what Mr. Giletto claims are violations of the federal Fair Labor Standards Act ("FLSA" – 29 U.S.C. §201, *et seq.*), the New Jersey Wage Payment Law and New Jersey Wage and Hour Law. Eickhoff denies that it violated any law.

Specifically, Mr. Giletto claims that he was not properly paid overtime, alleging that he was not compensated for all the hours he worked and that Eickhoff had knowledge or had reason to believe that he was not being paid properly.[1]  Eickhoff counters that Mr. Giletto was properly paid all overtime due.

---

[1] 29 C.F.R. § 785.11 - 785.12

2241846v.3

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that plaintiff must prove to make his case.

First, you should not concern yourself that there are separate laws at issue, because the same analysis applies to both the federal and state laws.

Mr. Giletto's title with Eickhoff was Food Service Manager. He was paid on an hourly basis, and he punched a time card. Mr. Giletto claims, that he was required to, and did work off the clock. Meaning he would frequently work before his scheduled shift and before punching in, but he was not compensated for this time. Additionally, he claims he would also punch out for a shift and continue to work, beyond his scheduled shift. Mr. Giletto claims that Eickhoff's management had knowledge that he was working off the clock or they should have known he was working off the clock. Eickhoff denies this. You will hear evidence on both sides of this issue.

At the end of the testimony I shall instruct you on the law. I shall instruct you, among other things that Plaintiff is required to prove that he worked overtime hours in which he was not compensated for and the Defendant knew or should have known that he was working these hours, but was not properly compensated. We will revisit these instructions in more detail at the end of all of the evidence.

2241846v.3

**16.40 ELEMENTS OF CLAIM[2]**

Your verdict must be for plaintiff [Anthony Giletto] and against defendant [Eickhoff] on plaintiff's FLSA claim if all the following elements have been proved:

First, that Defendant, Eickhoff, failed to pay Plaintiff, Anthony Giletto, overtime pay for all hours worked by plaintiff in excess of 40 in one or more workweeks.

Second, that the Defendant, Eickhoff, had either actual or constructive knowledge of the Plaintiff's overtime work performed. This means that Plaintiff, Anthony Giletto must demonstrate that Defendant, Eickhoff, knew or should have known of the overtime work. "An employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." "Instead, where an employer does not desire that an employee work overtime, the employer is responsible to make every effort to prevent the employee from working overtime." "An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort to prevent its performance. This duty arises even where the employer has not requested the overtime be performed or does not desire the employee to work, or where the employee fails to report his overtime hours." [3]

---

[2] Based on 8th Circuit Jury Instructions, Instruction 16.40, located at http://www.juryinstructions.ca8.uscourts.gov/8th%20Circuit%20Manual%20of%20Model%20Civil%20Jury%20Instructions.pdf

[3] Source, Direct quotes from the Summary Judgment Opinion (Denying Summary Judgment) in this case: <u>Giletto v. Eickhoff Supermarkets, Inc.</u>, Civil Action No. 14-6742 (D.N.J. Dec. 21, 2016) [Docket Entry No. 37], at pgs. 11-12 (D.N.J. Sept. 30, 2011) (numerous citations omitted); 29 CFR 785.11.

**EXPLANATORY: OVERTIME COMPENSATION**[4]

An employer must pay overtime compensation in any workweeks in which an employee has more than 40 "hours worked," as defined in Instruction No. ___. Overtime compensation must be paid at a rate at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40. An employee's "regular rate of pay" is determined by totaling all the compensation that should have been paid to the employee for the workweek, excluding any overtime premium pay and any pay for vacation, holiday, or illness, and then dividing that total by all of the employee's hours worked for that workweek. If the employee is employed solely at a single hourly rate, the hourly rate is his "regular rate of pay."

---

[4] Based on 8th Circuit Jury Instructions, Instruction 16.04, located at http://www.juryinstructions.ca8.uscourts.gov/8th%20Circuit%20Manual%20of%20Model%20Civil%20Jury%20Instructions.pdf

**DAMAGES**[5]

If you find in favor of plaintiff under Instruction No. [__], you must award plaintiff damages in the amount that plaintiff should have been paid in [overtime compensation], less what defendant actually paid plaintiff. [The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek, times the regular rate for that workweek, times one and one-half, as set forth in Instruction No. ___ .]

In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing defendant

---

[5] Based on 8th Circuit Jury Instructions, Instruction 16.70, located at
http://www.juryinstructions.ca8.uscourts.gov/8th%20Circuit%20Manual%20of%20Model%20Civil%20Jury%20Instructions.pdf

5

**EXPLANATORY: DETERMINING HOURS WORKED**[6]

You must determine the number of hours worked by plaintiff based on all of the evidence. The defendant is legally required to maintain accurate records of its employees' hours worked. If you find that the defendant failed to maintain records of the plaintiff's hours worked or that the records kept by the defendant are inaccurate, you must accept plaintiff's estimate of hours worked, unless you find it to be unreasonable.

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed. [7] Time constitutes "hours worked" when the employee is required to give up a substantial measure of his or her time and effort. Accordingly, the workweek typically includes all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place. [8] Additionally, rest or break periods of 20 minutes or less must be included in "hours worked." [9]

---

[6] Based on 8th Circuit Model Jury Instructions, Instruction 16:01, 16.20, located at http://www.juryinstructions.ca8.uscourts.gov/8th%20Circuit%20Manual%20of%20Model%20 Civil%20Jury%20Instructions.pdf

[7] *See* 29 U.S.C. §254 and *Blair v. Wills,* 420 F.3d 823, 829 (8th Cir. 2005) (the "suffer to permit" test provides that the time spent on a "principal activity" for the benefit of the employer, with the employer's knowledge, is considered to be hours worked and therefore compensable.

[8] "All the time the employee is required to be at his or her place of work or on duty shall be counted as hours worked." N.J.A.C. 12:56:5.2; *see also Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 690-91 (1946).

[9] 29 C.F.R. §785.18.

6

**Charge Regarding Damages: Willfulness**[10]

If you find in favor of plaintiff under Instruction No. ___ you must determine whether defendant's failure to pay [minimum wage and/or overtime] was willful. Defendant's failure to pay [minimum wage and/or overtime] was willful if it has been proved that defendant knew that its conduct was prohibited by the law regarding [overtime pay], or showed reckless disregard for whether its conduct was prohibited by the law regarding [overtime pay].

An employer acts willfully if it knew or showed reckless disregard for the question of whether its conduct was prohibited by the FLSA. An employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences.

If you find that Defendant's actions were willful he is able to recover unpaid overtime for a period of three years prior to his complaint which was filed on October 28, 2014. If you find that Defendant's actions were not willful, he is only able to recover unpaid wages for two years prior to his complaint being filed.

---

[10] (Based on 8th Circuit Jury Instructions, Instruction 16.72), located at
http://www.juryinstructions.ca8.uscourts.gov/8th%20Circuit%20Manual%20of%20Model%20Civil%20Jury%20Instructions.pdf

                          Respectfully Submitted,

                          **KARPF, KARPF & CERUTTI, P.C.**

                          */s/ Zachary J. Zahner*
                          Zachary J. Zahner, Esq.
                          3331 Street Road
                          Two Greenwood Square; Suite 128
                          Bensalem, PA 19020
                          215-639-0801
                          Attorney for Plaintiff

Date: January 24, 2017

2241846v.3