IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY GILETTO | CIVIL ACTION |
| Plaintiff, | No. 14-6742 |
| v. | |
| EICKHOFF SUPERMARKETS, INC., d/b/a SHOPRITE, | **JURY CHARGES REQUESTED BY DEFENDANT EICKHOFF SUPERMARKET, INC., d/b/a SHOPRITE** |
| Defendant. | |

Defendant EICKHOFF SUPERMARKETS, INC. by and through its attorneys, submit this request to change the jury as follows. **These jury charge requests are in addition to those charge requests upon which the parties jointly agreed.** Defendant respectfully requests the opportunity to supplement and amend these requests as necessary to conform to further testimony, evidence and rulings in this trial.

## Instructions to Jurors Before Voir Dire

### 1.2 Preliminary Instructions — Description of Case; Summary of Applicable Law

In this case, plaintiff Anthony Giletto brings a lawsuit against the defendant, Eickhoff Supermarkets, Inc., for what Mr. Giletto claims are violations of the federal Fair Labor Standards Act ("FLSA" – 29 U.S.C. §201, *et seq.*), the New Jersey Wage Payment Law and New Jersey Wage and Hour Law. Eickhoff denies that it violated any law.

Specifically, Mr. Giletto claims that he was not properly paid overtime, alleging that he was not compensated for all the hours he worked and that Eickhoff had knowledge that

he was not being paid properly. Eickhoff counters that Mr. Giletto was properly paid all overtime due.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that plaintiff must prove to make his case.

First, you should not concern yourself that there are separate laws at issue, because the same analysis applies to both the federal and state laws.

Mr. Giletto's title with Eickhoff was Food Service Manager. He was paid on an hourly basis, and he punched a time card. There is no dispute in this case that Mr. Giletto was paid for every hour ever shown on his time cards over the years.

What Mr. Giletto claims, however, is that he also worked off the clock for years, clocking out and then working without pay. He does not claim that any member of Eickhoff management, or anyone else, ever told him or ordered him to do that. He will say that he decided to do it himself. Mr. Giletto says that Eickhoff management knew what he was doing. Eickhoff denies this. You will hear evidence on both sides of this issue.

At the end of the testimony I shall instruct you on the law. I shall instruct you, among other things, that even if in the end you believe the plaintiff worked hours that he did not put down on his time card, under the law for the plaintiff to prove that he is entitled to pay for those hours, it is not enough that the plaintiff decided on his own to continue working. Rather, in order to recover, the plaintiff must first prove, among other things, that Eickhoff management knew or had reason to know during each pay period at issue that the plaintiff was continuing to work and also knew that he was not later paid for those hours.

We will revisit these instructions in more detail at the end of all of the evidence.

### 1.8   Preliminary Instructions — Jury Questions for Witnesses - Model[1]

You will have the opportunity to ask questions of the witnesses in writing. When a witness has been examined and cross-examined by counsel, and after I ask any clarifying questions of the witness, I will ask whether any juror has any further clarifying question for the witness.

If so, you will write your question on a piece of paper, and hand it to my Deputy Clerk. Do not discuss your question with any other juror. I will review your question with counsel at sidebar and determine whether the question is appropriate under the rules of evidence. If so, I will ask your question, though I might put it in my own words. If the question is not permitted by the rules of evidence, it will not be asked, and you should not draw any conclusions about the fact that your question was not asked. Following your questions, if any, the attorneys may ask additional questions. If I do ask your question you should not give the answer to it any greater weight than you would give to any other testimony.

### Charge of No Pay for Donning & Doffing[2]

In determining the hours for which an employee is employed and should be paid, you must exclude any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the

---

[1] Source:  Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

[2] Source:  29 USC § 203(o).

2241846v.4

express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

Here, the plaintiff has testified that he was subject to the terms of a collective bargaining agreement and that Eickhoff had a set policy that "You come in, get changed, and then punch in."[3] Therefore, regardless of how you decide, you should exclude that time from any of your considerations.

## Charge Describing Requirement Under the FLSA of Employer Knowledge of Overtime Worked[4]

The plaintiff in this case does not claim that any member of Eickhoff management, or anyone else, ever told him or instructed him to work beyond his scheduled work hours without being paid. Nevertheless, the plaintiff claims that on occasion he decided to keep working beyond his scheduled hours, but then not put down those hours that he says he worked on his time card that he submitted to Eickhoff.

Even if you believe the plaintiff decided to keep working but not put the hours worked down on his time card, under the law for the plaintiff to prove that he is actually entitled to pay for hours worked, it is not enough that the plaintiff decided on his own to continue working. Rather, in order to recover, the plaintiff must first prove, among other things, that Eickhoff management knew or had reason to know during each pay period at issue that the plaintiff was continuing to work.

Specifically, the law is that "[w]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or

---

[3] Source: Giletto Dep, 22:11 – 18.

[4] Source: Giletto v. Eickhoff Supermarkets, Inc., Civil Action No. 14-6742 (D.N.J. Dec. 21, 2016) [Docket Entry No. 37], at pgs. 10 - 11 (D.N.J. Sept. 30, 2011) (numerous citations omitted); 29 CFR 785.11.

4

2241846v.4

deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA." "In other words, '[t]here is no violation of the [law] where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it.'"

"Accordingly, to recover overtime compensation under the [law], an employee also 'must demonstrate that the defendant-employer had either actual or constructive knowledge of the plaintiff's overtime work.'"

## Charge Describing Requirement Under the FLSA of Employer Knowledge of Overtime Not Paid[5]

Since the mere fact that someone might be working beyond his scheduled hours does not prove he was not later paid, the plaintiff must prove that any Eickhoff management, if any, who knew that he continued to work beyond his scheduled hours also knew that he was not paid for those hours.

In making your decision as to whether Eickhoff management knew both that: (1) the plaintiff continued to work beyond his scheduled hours; and (2) that he was later not paid for those hours, you may consider the fact that Eickhoff issued and the plaintiff received an employee handbook which contained a policy expressly prohibiting workers from working off the clock, that the plaintiff was disciplined for violating that policy and told not to work unauthorized overtime, that the plaintiff also was reprimanded in April 2013 for time and attendance policy violations, that Eickhoff had a system in place under which employees such as the plaintiff could submit "Time Adjustment Sheets" for Eickhoff to pay employees for any time

---

[5] Source: <u>Giletto v. Eickhoff Supermarkets, Inc.</u>, Civil Action No. 14-6742 (D.N.J. Dec. 21, 2016) [Docket Entry No. 37], at pgs. 10 - 11 (D.N.J. Sept. 30, 2011) (numerous citations omitted); 29 CFR 785.11.

worked beyond their normal schedules and the plaintiff submitted such Time Adjustment Sheets and always was paid for all of the time he said on those Sheets that he worked.

**Charge Regarding Damages: Specific Calculation[6]**

Under the law, an employer is required to pay overtime for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the FLSA is one-and-one-half times the employee's "regular wage." An employee's regular wage for a given week is that employee's total weekly compensation divided by the number of hours for which that compensation was intended.

If you find that the plaintiff is due any overtime, to calculate the overtime pay due him, take the regular rate you calculated, divide that by 2, and multiply that number times the number of hours the employee worked that week in excess of 40 hours. (For example, if the regular rate was $10 per hour, then divide $10 by 2 and multiply the result, $5, times the number of hours worked in excess of 40 hours.)

You should take into account the fact that the plaintiff admits that he was paid some overtime virtually every week of his employment. Therefore, if you come to a stage in your deliberations when you decide that you must make these calculations that you do not double pay him.

Also, you are not to "punish" Eickhoff, but simply to perform the mathematical calculations outlined above.

---

[6] Source: 4-85 <u>Modern Federal Jury Instructions-Civil, P 85.01 The Fair Labor Standards Act</u>, Instruction 85-9 (Failure to Pay Overtime) (Matthew Bender & Company, Inc. 2016), <u>citing</u>, Eleventh Circuit Pattern Civil Jury Instruction 4.14.

2241846v.4

## Charge Regarding Damages: Willfulness[7]

The plaintiff is entitled to recover lost wages from two years before this lawsuit was filed on October 28, 2014 until the end of his employment with Eickhoff on July 2, 2014, unless you find that the defendant acted "willfully," in which case the time frame extends back one more year.

An employer acts willfully if it knew or showed reckless disregard for the question of whether its conduct was prohibited by the FLSA. An employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant

By: *Gregg Kahn*
GREGG S. KAHN

Dated: January 24, 2017

---

[7] Source: 4-85 Modern Federal Jury Instructions-Civil, P 85.01 The Fair Labor Standards Act, Instruction 85-33 (Willfulness) (Matthew Bender & Company, Inc. 2016), citing, McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988) (numerous other citations omitted).

2241846v.4