IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY GILETTO | : CIVIL ACTION |
| Plaintiff, | : No. 14-6742 |
| v. | : |
| EICKHOFF SUPERMARKETS, INC., d/b/a SHOPRITE, | : **JOINTLY REQUESTED JURY CHARGES** |
| Defendant. | : |

Plaintiff ANTHONY GILETTO and defendant EICKHOFF SUPERMARKETS, INC. by and through their respective attorneys, **jointly** submit their requests to change the jury as follows. Each party respectfully requests the opportunity to request jury charges that have not been jointly agreed upon, as well as supplement and amend these requests as necessary to conform to further testimony, evidence and rulings in this trial.

## Instructions to Jurors Before Voir Dire

### 1.1    Preliminary Instructions — Introduction; Role of Jury - Model[1]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

---

[1] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

2246870v.2

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

## 1.2.1  Preliminary Instructions — Description of Case; Summary of Applicable Law (Continued)[2]

The plaintiff's Complaint filed in this matter alleges that Eickhoff Supermarkets violated both the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., the New Jersey Wage Payment Law(s) and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34: 11-56a, et seq. The requirements of each law are the same, the same legal analysis applies to both laws, and even if you were to find for the plaintiff there can be no double recovery. Therefore, you should not concern yourself that there are separate laws at issue.

## 1.3  Preliminary Instructions — Conduct of the Jury - Model[3]

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow

---

[2] Source:  Giletto v. Eickhoff Supermarkets, Inc., Civil Action No. 14-6742 (D.N.J. Dec. 21, 2016) [Docket Entry No. 37], at pg. 8 & n. 2, citing Shakib v. Back Bay Rest. Grp., Inc., 2011 WL 4594654, at * 3 (D.N.J. Sept. 30, 2011) (collecting cases).

[3] Source:  Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, MySpace, LinkedIn, and YouTube.

      If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

      Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference

3

materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

## 1.4    Preliminary Instructions — Bench Conferences - Model[4]

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

---

[4] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

4

2246870v.2

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.5    Preliminary Instructions — Evidence - Model[5]

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[5] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

2246870v.2

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

## 1.7    Preliminary Instructions — Credibility of Witnesses - Model[6]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

---

[6] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

2246870v.2

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 1.9 Preliminary Instructions — Note-Taking By Jurors - Model[7]

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that

---

[7] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2. <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing

8

notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

### 1.10 Preliminary Instructions — Preponderance of the Evidence - Model[8]

This is a civil case. Plaintiff Anthony Giletto is the party who brought this lawsuit. Defendant Eickhoff Supermarkets is the party against which the lawsuit was filed.

Plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[8] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

2246870v.2

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## 1.12 Preliminary Instructions — Description of Trial Proceedings - Model[9]

The trial will proceed in the following manner:

First, the attorney for plaintiff will make an opening statement to you. Next, an attorney for defendant may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff goes first because plaintiffs have the burden of proof. Plaintiff will present witnesses whom counsel for defendant may cross-examine, and plaintiff may also present evidence. Following plaintiff's case, defendant may present evidence. Counsel for plaintiff may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.

---

[9] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

2246870v.2

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

## 2.4 General Instructions For Use During Trial — Stipulation of Fact - Model[10]

The parties have agreed that Mr. Giletto was an employee of the defendant, was an hourly employee, was non-exempt under the FLSA, and was employed with defendant from May 2003 until July 2, 2014. You must therefore treat these facts as having been proved for the purposes of this case.

## 3.1 General Instructions For Use At End of Trial — Deliberations - Model[11]

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is

---

[10] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

[11] Source: Model Civil Jury Instructions for the District Courts of the Third Circuit (2017 Edition), found at http://www.ca3.uscourts.gov/sites/ca3/files/INTRODUCTION_2017.pdf & http://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions.

2246870v.2

my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

2246870v.2

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## 3.2 General Instructions For Use At End of Trial — Number of Witnesses – Model

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Charge Describing the FLSA Generally[12]

Plaintiff Giletto claims that defendant Eickhoff Supermarkets did not pay plaintiff the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant denies plaintiff's claims and contends that it always properly paid him any overtime that was due him.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To prevail on a claim for overtime under the Fair Labor Standards Act, a plaintiff must prove, by a preponderance of the evidence, that the employer failed to pay the plaintiff overtime for all hours worked in excess of 40 in one or more workweeks. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's

---

[12] Source: PATTERN JURY INSTRUCTIONS (Civil Cases), Prepared by the Committee on Pattern Jury Instructions, District Judges Association Fifth Circuit (2014), located at http://www.lb5.uscourts.gov/juryinstructions/.

14

2246870v.2

business. An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work.

When an employer has a policy that an employee is not to work overtime without prior authorization, an employee cannot perform overtime work without the employer's knowledge and contrary to its instructions and then assert a right to be paid. At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable effort to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time.

An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify his employer when he is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

**Charge Regarding Damages: General[13]**

If you find that the plaintiff has proved that the defendant is liable to him for unpaid minimum wages and/or unpaid overtime, then you must determine what amount of

---

[13] Source: 4-85 Modern Federal Jury Instructions-Civil, P 85.01 The Fair Labor Standards Act, Instruction 85-32 (Damages in General) (Matthew Bender & Company, Inc. 2016), citing Calderon v. GEICO General Ins. Co., 809 F.3d 111 (4th Cir. 2015); Shea v. Galaxie Lumber & Construction, Ltd., 152 F.3d 729 (7th Cir. 1998); Eleventh Circuit Pattern Civil Jury Instruction 4.14.

money he is owed. The measure of damages is the difference between the amount you find that the plaintiff should have been paid under the overtime law and the amount you find that the defendant actually paid the plaintiff.

You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether plaintiff has proved liability.[14]

                Respectfully submitted,

                KARPF, KARPF & CERUTTI, P.C.
                Attorneys for Plaintiff

                By: **/S/ Zachary J. Zahner**
                      ZACHARY J. ZAHNER

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP
                Attorneys for Defendant

                By:  **/S/ Gregg S. Kahn**
                      GREGG S. KAHN

Dated: January 24, 2017

---

[14] Source: PATTERN JURY INSTRUCTIONS (Civil Cases), Prepared by the Committee on Pattern Jury Instructions, District Judges Association Fifth Circuit (2014), located at http://www.lb5.uscourts.gov/juryinstructions/.